IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| IKE EVERSON,<br><br>                Petitioner,<br><br>    v.<br><br>STEVEN TURLEY,<br><br>                Respondent. | **MEMORANDUM DECISION & ORDER OF DISMISSAL**<br><br>Case No. 2:12-cv-510 CW<br><br>District Judge Clark Waddoups |

      The Court has carefully considered this habeas-corpus petition, *see* 28 U.S.C.S. § 2254 (2014), Respondent's answer, Petitioner's reply, and all relevant rules and statutory provisions. Now being fully advised, the Court concludes that Petitioner's claims are time-barred and, alternatively, are procedurally defaulted with no applicable exception excusing the default. The Court therefore dismisses the Petition.

**Background**

      After a preliminary hearing--during which the victim, Rebecca, and Petitioner's cellmate, Shane Nye, testified--Petitioner pleaded guilty to a charge of forcible sexual abuse. Petitioner was sentenced on December 17, 1999 to an indeterminate prison term of one-to-fifteen years. Judgment was entered on December 21, 1999. *See State v. Everson*, 2009 UT App 352, *1. Petitioner did not timely appeal.

      <u>Direct Appeal</u>. On August 21, 2009, nearly ten years after he was sentenced, Petitioner filed a notice of appeal alleging that Rebecca had recanted her accusations against Petitioner. In

his docketing statement, Petitioner excerpted a March 16, 1999 interview of the victim's mother, Vickie Epperson Everson, by Detective Perry in which Vickie stated, "What I tried to tell ever since Tuesday to tell you, the detectives, whoever would listen to me, is if [Petitioner] finds out [Rebecca] lied and that I lied, that we played this game on him, it's like we made a fool out of [Petitioner]. And he will hurt us." Petitioner argued on appeal that Vickie's statement to Detective Perry established that she and Rebecca lied to police about Petitioner's sexual assault simply as a way of getting him removed from their home. Petitioner further argued that he only became aware of this evidence on March 5, 2009. On November 27, 2009, the Utah Court of Appeals summarily dismissed Petitioner's appeal because it was untimely. *Id.*

State Post-Conviction Proceedings. On March 3, 2010, Petitioner petitioned for determination of factual innocence under Utah Code Ann. § 78B-9-402 (2014). He asserted that (1) his cellmate, Nye, fabricated his story that Petitioner confessed to sexually assaulting Rebecca, and Nye falsely testified at the preliminary hearing; (2) the State's DNA expert was not credible because his testing methodology was suspect; (3) Vickie confessed to Detective Perry that she and Rebecca had lied to the detectives so that Petitioner would be removed from their home; and (4) detectives violated his equal-protection rights when they arrested and charged him, though the police knew the evidence against him was false.[1] The State moved to dismiss the petition. On January 6, 2011, after oral argument, the post-conviction court granted the

---

[1] In his habeas petition, Petitioner asserts that he also raised a claim of ineffective assistance of counsel. *See* Habeas Pet. at 4. But nowhere in his factual innocence petition did Petitioner address a claim of ineffective assistance. He first raised the issue of ineffective assistance during oral argument before the post-conviction court. The court indicated that because this issue was not raised in the original petition it would not be considered.

State's motion. On January 27, 2011, the court entered findings of fact and conclusions of law dismissing the petition. Petitioner did not appeal the post-conviction court's order of dismissal.

<u>Current Federal Habeas Petition</u>. On June 21, 2012, Petitioner filed this habeas-corpus petition. (*See* Docket Entry # 4.) Respondent answered, asking that the petition be dismissed. (*See* Docket Entry # 16.) Petitioner replied. (*See* Docket Entry # 31.)

**Petitioner's Claims**

Petitioner raises the following grounds for relief in his habeas petition:

<u>Newly discovered evidence</u>. Petitioner asserts that, after a diligent review of the case files, he found that Vickie, the victim's mother, told investigators in 1999 that Petitioner did not commit the crime here, and has recanted her statements to police implicating Petitioner. *See* Pet. for Writ of Habeas Corpus (Habeas Pet.) at 6.

<u>False evidence</u>. Petitioner argues that his Fifth Amendment rights were violated when the State presented false evidence preventing a fair hearing or trial. While Petitioner never specifically says what the false evidence is, presumably he means Vickie's recanted statements and the preliminary hearing testimony of Rebecca and Nye. *Id.* at 7-8.

<u>Restraint against liberty against Utah law</u>. Petitioner asserts his continued incarceration in light of Vickie's recanted statements, which show that no crime was committed, violates Utah law. Petitioner does not, however, specify what Utah laws are being violated. *Id.* at 9.

<u>Ineffective assistance</u>. Petitioner argues that his defense attorney was ineffective by failing to discover that Vickie confessed that she lied about Petitioner sexually assaulting Rebecca, and he allowed an innocent person--Petitioner--to plead guilty. *Id.* at 11.

3

## Discussion

As explained below, the Court concludes that this petition must be dismissed because it is time-barred under the one-year period of limitation, 28 U.S.C.S. § 2244(d)(1) (2014), and all his claims are, in any event, procedurally defaulted because they were never presented, and cannot now be presented, to the Utah Supreme Court.

### I. Petitioner's claims are time-barred.

#### A. Petitioner did not raise his claims within the one-year limitations period.

Petitioner's habeas claims are all time-barred because they were raised after the one-year federal period of limitation expired. The federal statute governing habeas corpus provides that a one-year period of limitation applies "to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." *Id.* This period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" or "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* § 2244(d)(1)(A) & (D).

The one-year limitation period is tolled by time spent seeking state post-conviction relief. *Id.* at § 2244(d)(2) ("[T]ime during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). However, tolling does not revive the limitations period--that is, restart the clock at zero; it can only serve to pause a clock that has not already run. *See Jackson v. Dormire*, 180 F.3d 919, 920 (8th Cir. 1999). Thus, the time between when Petitioner's conviction became final and when he filed his state post-

conviction petition must be counted in the limitation period. State collateral review only tolls the one-year period; it does not delay its start. *See Bingham v. Anderson*, 21 F. Supp. 2d 639, 640 (D. Miss. 1998).[2]

Here, Petitioner's sentence was entered on December 21, 1999. *See Everson*, 2009 UT App 352. Under state appellate procedure, a "notice of appeal . . . shall be filed with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from." Utah R. App. P. 4(a). Petitioner did not file an appeal within the thirty-day period. Thus, the time for seeking appellate review expired on January 20, 2000. Because Petitioner did not seek collateral review of his conviction and sentence within the one-year period after this date, Petitioner had until January 20, 2001 to raise any federal habeas claims not based on newly discovered evidence. His federal habeas petition was not filed until June 21, 2012, eleven-and-a-half years too late. Therefore, Petitioner's claims that are not based on alleged newly discovered evidence of recanted witness statements are time-barred.

Petitioner alleges, however, that it was not until March 5, 2009, that he became aware that Vickie allegedly lied during her interview with Detective Perry. And he was aware no later than August 21, 2009, the date on which he filed his untimely notice of appeal, that she had recanted her statements inculpating Petitioner. Assuming, for the sake of argument, that even with the exercise of reasonable diligence Petitioner could not have discovered this "new"

---

[2]Time that elapses after finality and before collateral filing, and time that elapses after final collateral disposition and before federal filing, also counts against the one-year limitation period. *See Nino v. Galaza*, 183 F.3d 1003, 1006-07 (9th Cir. 1999) ("AEDPA's statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval."); *see also Haney v. Addison*, 175 F.3d 1217, 1220-21 (10th Cir. 1999).

evidence before August 21, 2009, his claims are still time-barred. Because the limitation period for his habeas petition began to run from the date upon which the new evidence was discovered, *see* 28 U.S.C. § 2244(d)(1)(D) (2014), Petitioner had one year from August 21, 2009 to raise his federal habeas claims based on newly discovered evidence.

However, as explained, the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id.* § 2244(d)(2). In Petitioner's case, he filed a post-conviction petition for determination of factual innocence in state court on March 3, 2010. Therefore, 194 days of the 365-day limitation period lapsed before Petitioner's state post-conviction petition started tolling the limitation period, leaving Petitioner with 171 days to file a federal habeas petition once the limitation period began to run again. The post-conviction court dismissed Petitioner's factual-innocence petition on January 27, 2011. Petitioner did not seek appellate review of the dismissal order and, therefore, his post-conviction case ceased pending on February 26, 2011. The following day, the federal limitation period again began to run and Petitioner had 171 days, or until August 16, 2011, to timely file his federal habeas petition. His petition was not filed until June 21, 2012, over ten months too late. Because Petitioner's claims were not timely raised, they are now time-barred.

### B. Petitioner has not established any exceptional circumstances that would entitle him to equitable tolling of the one-year limitations period.

Because the claims raised in Petitioner's habeas petition are time-barred, they must be dismissed unless Petitioner shows that he is entitled to proceed with an untimely petition. The

one-year limitation period has generally been considered a procedural bar and not a jurisdictional bar.  This means that it can, in an appropriate exceptional circumstances, be equitably tolled.  *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998) (holding one-year limitation period will be equitably tolled only "in rare and exceptional circumstances").  However, it is Petitioner's burden to establish that the one-year time limit should not be applied and that he is entitled to equitable tolling.  *See Donovan v. Maine*, 276 F.3d 87, 93 (1st Cir. 2002); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000); *United State v. Marolf*, 173 F.3d 1213, 1218 n.3 (9th Cir. 1999).  Petitioner has not met his burden because he has not argued any legitimate reason that would justify his filing delay.

Equitable tolling is available only when a petitioner meets the "'high hurdle'" of showing that (1) extraordinary circumstances, (2) beyond the petitioner's control, (3) made it impossible for him to file his petition on time.  *See Henderson v. Johnson*, 1 F. Supp. 2d 650, 653 (N.D. Texas 1998) (citing *Calderon v. United States Dist. Court*, 128 F.3d 1283, 1288-89 (9th Cir. 1997)); *see also Smith v. McGinnis*, 208 F.3d 13, 17 (2nd Cir. 2000); *Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000); *Sandvik v. United State*, 177 F.3d 1269, 1271 (11th Cir. 1999); *Davis*, 158 F.3d at 810.  Further, the fact that Petitioner is acting *pro se* and may lack legal knowledge and expertise is not a sufficient ground for equitably tolling the limitation period.  *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).  *Henderson* states that the fact that the petitioner did not have legal help or knowledge and relied on another inmate's help did not show extraordinary circumstances making it impossible to timely file.  *See Henderson*, 1 F. Supp. at 656.  In most circumstances, equitable tolling is appropriate only when external forces--not a

petitioner's lack of diligence--account for delay. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999); *see also Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).

Still, Petitioner lists four reasons why his habeas petition should not be time barred: (1) he alleges constitutional violations; (2) his rights were violated when the post-conviction court did not provide him with its dismissal order; (3) he only discovered the recanted statements in 2009; and (4) his request for appointment of counsel for his habeas case has gone unheeded. *See* Habeas Pet. at 14. None of these reasons constitute an extraordinary circumstance beyond Petitioner's control that made it impossible for him to timely file his habeas petition.[3]

First, the mere fact that Petitioner raises issues of constitutional magnitude is not an "extraordinary circumstance" in federal habeas jurisprudence. Indeed, just about all issues raised in federal habeas petitions regard the Constitution.

Second, Petitioner has not shown that his rights were violated because he allegedly did not receive a copy of the state post-conviction court's order of dismissal. Petitioner knew that his post-conviction petition had been dismissed on January 6, 2011 because the post-conviction court stated as much on the record following oral arguments. Moreover, the Certificate of Service attached to the court's final order includes Petitioner's name and address. This

---

[3] Petitioner never states that he is entitled to equitable tolling because he is actually innocent, although he indirectly suggests in one of his habeas claims that he is innocent. *See* Habeas Pet. at 11 (arguing trial counsel was ineffective for "allowing an innocent man to plea [*sic*] guilty illegally"). Recently, the Tenth Circuit expressly held "that, in the equitable tolling context . . ., a *sufficiently supported* claim of actual innocence creates an exception to procedural barriers for bringing constitutional claims." *Lopez v. Trani*, 628 F.3d 1228, 1230 (10th Cir. 2010), *cert. denied*, 132 S. Ct. 307 (2011) (emphasis added). *Lopez* stresses, however, "that this actual innocence exception is rare and will 'only be applied in the extraordinary case.'" *Id.* at 1231 (quoting *Schlup v. Delo*, 513 U.S. 298, 321 (1995)). In Petitioner's case, any claim of actual innocence is insufficiently supported and, thus, does not entitle him to equitable tolling.

8

establishes at least a presumption that the court's final order was received by Petitioner. *See Vincent v. City Colleges of Chicago*, 485 F.3d 919, 922 (7th Cir. 2007) ("Evidence of mailing is evidence of delivery.") (citing *Hagner v. United States,* 285 U.S. 427 (1932)). Petitioner has not rebutted this presumption. *See In re Farris*, 365 F. App'x 198, 200 (11th Cir. 2010) ("The mere denial of receipt, without more, is insufficient to rebut the presumption."). And, even if Petitioner did not receive the court's order, he waited over a year--until May 9, 2012--to request a copy of the order. Petitioner does not explain his lack of diligence.

Third, even if Petitioner did not find Vickie's recanted statements until 2009, he still could have timely filed a habeas petition--but he failed to do so.

Finally, as explained, the mere fact that Petitioner is acting *pro se* is not enough to warrant equitable tolling of the one-year limitation period. *See Marsh*, 223 F.3d at 1220.

In sum, Petitioner has not established that he diligently pursued his federal habeas claims or that some extraordinary circumstance kept him from timely filing his habeas petition. The habeas petition is time-barred and, consequently, must be dismissed.

## II. Petitioner's claims are procedurally defaulted.

### A. Petitioner's claims are "technically exhausted" in state court.

A state prisoner seeking federal habeas relief must first exhaust state remedies as to all claims presented in federal court. *See* 28 U.S.C.S. § 2254(b) & (c) (2014); *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Miranda v. Cooper*, 967 F.2d 392, 397 (10th Cir. 1992). "The exhaustion requirement is satisfied if the issues have been 'properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack.'" *Brown v. Shanks*,

9

185 F.3d 1122, 1124 (10th Cir. 1999) (quoting *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994)).  A petitioner is deemed to have exhausted state remedies if either (1) a state remedy is no longer available; or (2) all claims asserted in the federal petition have been presented to the highest state court either on direct appeal or in a state post-conviction proceeding.  *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Smith v. Atkins*, 678 F.2d 883, 884-85 (10th Cir. 1982).

Petitioner's claims are technically exhausted.  First, following summary dismissal of his untimely appeal by the Utah Court of Appeals, Petitioner never filed a petition for writ of certiorari with the Utah Supreme Court.  Second, the post-conviction court granted the State's motion to dismiss, thereby denying Petitioner the relief he sought in his post-conviction petition for determination of factual innocence.  Petitioner did not appeal the post-conviction court's order dismissing his post-conviction petition.  Therefore, none of the claims Petitioner raises in his habeas petition were presented to the highest state court.

"Section 2254(b) requires habeas applicants to exhaust those remedies 'available in the courts of the State.'  This requirement, however, refers only to remedies *still available* at the time of the federal petition."  *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982) (citing *Humphrey v. Cady*, 405 U.S. 504, 516 (1972)) (emphasis added).  It follows, therefore, that a "habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion [because] there are no state remedies any longer 'available' to him."  *Coleman v. Thompson*, 501 U.S. 722, 732 (1991).  In Petitioner's case, all his federal claims defaulted in state court because they were never presented to the Utah Supreme Court.

Moreover, state court remedies are no longer available to Petitioner. The post-conviction court's final order was entered January 27, 2011. Under the Utah Rules of Appellate Procedure, Petitioner had thirty days, or until February 27, 2011, to appeal the court's order. *See* Utah R. App. P. 4(a) (stating "notice of appeal . . . shall be filed with . . . trial court within 30 days after the date of entry of the judgment or order appealed from"). Under Utah's Post-Conviction Remedies Act, the substance of Petitioner's federal claims is time-barred in state court, including his claim based on newly discovered evidence, because those claims were not brought within the one-year limitations period. *See* Utah Code § 78B-9-107 (2014) (setting forth triggers for running of one-year statute of limitations). Therefore, all Petitioner's habeas claims are "technically exhausted" because there are no longer any state remedies available for him to seek.

  **B. Petitioner's claims are procedurally defaulted in federal court.**

"Where the reason a petitioner has exhausted his state remedies is because he has failed to comply with a state procedural requirement for bringing the claim, there is a further and separate bar to federal review, namely procedural default." *Parkhurst v. Shillinger*, 128 F.3d 1366, 1370 (10th Cir. 1997); *see also Coleman*, 501 U.S. at 750 (holding, when federal claim is defaulted in state court based on independent and adequate state procedural rule, federal review of claim is barred unless petitioner can show cause for default and actual prejudice). Here, all Petitioner's federal claims were defaulted in state court on the basis of an independent and adequate state procedural rule.

First, regarding his criminal matter, Petitioner was sentenced on December 21, 1999. *See Everson*, 2009 UT App at *1. State appellate procedure gave him thirty days from that date, or

11

until January 21, 2000, to file a notice of appeal. *See* Utah R. App. P. 4(a). His notice of appeal, however, was not filed until August 21, 2009, nearly ten years after his sentence became final. In dismissing Petitioner's untimely attempt to appeal, the Utah Court of Appeals cited state appellate rules and asserted that a "notice of appeal must be filed 'with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from.' If an appeal is not timely filed, this court lacks jurisdiction to hear the appeal and must dismiss." *Everson*, 2009 UT App at ¶ 1 (quoting Utah R. App. P. 4(a)). The Court of Appeals then concluded, "Because [Petitioner] did not timely file his notice of appeal, this court lacks jurisdiction to hear the appeal and must dismiss." *Id.*

Second, regarding Petitioner's factual-innocence petition, the post-conviction court's final dismissal order was entered January 27, 2011. Again, Petitioner had thirty days, or until February 26, 2011, to appeal the order. Petitioner did not file any notice of appeal. Therefore, similar to the filing of his late notice of appeal seeking direct review of his criminal case, any attempt by Petitioner now to appeal the post-conviction court's dismissal order would be meet the same response--i.e., the notice of appeal is untimely under state procedural rules and must be dismissed for lack of jurisdiction.

Finally, Petitioner cannot now file a state collateral action with the claims in his federal petition. Under Utah's Post-Conviction Remedies Act (PCRA), Petitioner must file a post-conviction petition "within one year after the cause of action accrue[s]." Utah Code Ann. § 78B-9-107(1) (2014). Here, his cause of action accrued on "the last day for filing an appeal from the entry of the final judgment of conviction, if no appeal is taken" or on "the date on which

12

petitioner knew or should have known, in the exercise of reasonable diligence, of evidentiary facts on which the petition is based." *Id.* § 78B-9-107(2)(a), (e).  Because Petitioner did not timely appeal his final judgment of conviction, entered December 21, 1999, the state post-conviction limitations period began running January 20, 2000.  Thus, his post-conviction petition under PCRA was due no later than January 20, 2001.  Because PCRA's tolling provisions do not extend the limitations period to a point when he can timely file a post-conviction petition, Petitioner would now find any attempt to file a state collateral action time-barred.

In addition, any claim relying on the alleged newly discovered evidence of Vickie's recanted statements is also time-barred.  As explained above, Petitioner knew the evidentiary facts supporting his recantation claim no later than August 21, 2009--the date on which he filed an untimely notice of appeal raising the recanted-statements claim.  That means Petitioner had until August 21, 2010 to file a petition for post-conviction relief under PCRA.  Again, because none of PCRA's tolling provisions have extended the limitations period to a point when he can timely file a post-conviction petition based on newly discovered evidence, any attempt to file a state collateral action now on such a claim would be time-barred in state court.

### C. Petitioner has not established any exception to the procedural default.

It is well established that Petitioner's procedural default may be excused only if he "'can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Dulin v. Cook*, 957 F.2d 758, 760 (10th Cir. 1992) (quoting *Coleman*, 501 U.S. at 750).  The exception is satisfied, and Petitioner may pursue his procedurally

defaulted claims, only if both prongs are met. That is, he must establish *both* cause for failing to present his claims to the Utah Supreme Court, and prejudice. To manifest "cause," "Petitioner must show that 'some objective factor external to the defense' impeded his compliance with Utah's procedural rules." *Id.* (citation omitted). "As for prejudice, a petitioner must show 'not merely that the errors of the trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Richie v. Sirmons*, 563 F. Supp. 2d 1250, 1272 (N.D. Okla. 2008) (quoting *United States v. Frady,* 456 U.S. 152, 170 (1982)), *aff'd sub nom. Richie v. Workman*, 599 F.3d 1131 (10th Cir. 2010). Petitioner has not shown that his procedural default should be excused.

Petitioner has not alleged cause for failing to timely raise his claims on direct appeal to the Utah Supreme Court. Further, his argument that he did not appeal to the Utah Supreme Court from the order dismissing his factual-innocence petition because the post-conviction court allegedly did not send him the order is unavailing. Again, Petitioner knew his post-conviction petition had been dismissed on January 6, 2011 because the post-conviction court stated as much on the record following oral arguments. Moreover, the Certificate of Service attached to the court's final order includes Petitioner's name and address. Thus, the presumption exists that the court's final order was received by Petitioner. Petitioner does not rebut this presumption. Finally, even knowing the court had dismissed his factual-innocence petition, Petitioner still waited until May 9, 2012, over a year later, to request a copy of the court's final order. Had Petitioner been more diligent, he could have requested a copy earlier and timely sought state appellate review of the post-conviction court's order. For these reasons, Petitioner has not

14

established cause for failing to raise his claims to the Utah Supreme Court. And, Petitioner may not proceed with his defaulted claims in federal court.

The United States Supreme Court has also stated "that in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). The miscarriage-of-justice exception is concerned with actual innocence. *Calderon v. Thompson*, 523 U.S. 538, 559 (1998). To be plausible, an actual-innocence claim must be grounded on solid evidence not adduced at trial. *Id.* Such evidence is so rare that, "'in virtually every case, the allegation of actual innocence has been summarily rejected.'" *Id.* (quoting *Schlup v. Delo,* 513 U.S. 298, 324 (1995)). Petitioner does not establish his actual innocence nor, therefore, that the miscarriage of justice exception should apply.

First, Petitioner never argues that he is actually innocent of the crime he pleaded guilty to. Rather, he merely indirectly suggests he is innocent in one of his habeas claims. *See* Habeas Pet. at 11 (arguing trial counsel ineffective for letting "innocent man . . . plea [*sic*] guilty illegally"). But even had Petitioner affirmatively asserted that he is actually innocent, a mere assertion is insufficient. *See Wright v. Clark*, 96 F. Supp. 2d 757, 760 (N.D. Ill. 2000) ("A petitioner's bald and unsupported assertion of innocence is not enough to give rise to the supposition that he is actually innocent. He instead must point to 'actual proof of the allegations going beyond mere unsupported assertions.'") (quoting *Prewitt v. United States,* 83 F.3d 812, 819 (7th Cir.1996)); *see also Christensen v. Hines*, 8 F. App'x 864, 867 (10th Cir. 2001)

("[Petitioner's] mere assertion of an actual innocence claim is not sufficient grounds for equitable tolling.").

Second, the evidence Petitioner alludes to--i.e., Vickie's recanted statement--is also insufficient to establish actual innocence. Though Petitioner states that "the alleged *victims*" recanted their testimony, Habeas Pet. at 6 (emphasis added), Petitioner presents no evidence from Rebecca herself that she recanted her police-interview statements or her preliminary-hearing testimony. Vickie's recantation might be useful, if at all, for impeachment purposes, but this is insufficient to establish that Petitioner is actually innocent. "While inconsistent testimony casts doubt on the testimony of the victim, inconsistent testimony does not show that [the defendant] was actually innocent of the crime." *Phillips v. Ferguson*, 182 F.3d 769, 775, n.6 (10th Cir. 1999); *see also Clayton v. Gibson*, 199 F.3d 1162, 1180 (10th Cir. 1999) (indicating impeachment evidence insufficient to establish actual innocence); *Ballinger v. Kerby*, 3 F.3d 1371, 1375 (10th Cir. 1993) (stating evidence that would "significantly impeach" petitioner's "primary accuser" insufficient to meet fundamental-miscarriage-of-justice exception). Therefore, Petitioner has not validly suggested that he is actually innocent.

Petitioner fails to establish any exception applies that would let this Court review his procedurally defaulted claims. He has not shown cause and prejudice or that a fundamental miscarriage of justice will occur if the claims are not reviewed. Further consideration is therefore barred.

## Conclusion

Petitioner's claims are time-barred because they were raised beyond the one-year limitations period set forth in 28 U.S.C.S. § 2244(d) (2014).  But even if claims were timely raised, none of them were ever presented to the Utah Supreme Court and, therefore, they are procedurally defaulted.  And, Petitioner has not shown that any exception excuses the default.

## ORDER

IT IS HEREBY ORDERED that Petitioner's petition for writ of habeas corpus is dismissed because his claims are both untimely and procedurally defaulted.

This case is CLOSED.

DATED this 5th day of March, 2015.

                                                BY THE COURT

                                                _____

                                                JUDGE CLARK WADDOUPS
                                                United States District Court